# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ROCHELLE HAMS,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | NO. C11-1205-RAJ-JPD<br><br><br>REPORT AND RECOMMENDATION |

Plaintiff Rochelle Hams appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED.

## I. FACTS AND PROCEDURAL HISTORY

At the time of the administrative hearing, Plaintiff was a 54 year old woman who had not graduated from high school, but completed three years of vocational training at a community college. Administrative Record ("AR") at 25. Her past work experience includes

REPORT AND RECOMMENDATION - 1

employment as a receptionist, mail clerk, reservationist, data entry clerk, and manufacturing clerk. AR at 173. Plaintiff was last gainfully employed in September 2004. AR at 173.

On February 26, 2007, Plaintiff filed a claim for SSI payments, alleging an onset date of July 18, 2002. AR at 15, 167. Plaintiff asserts that she is disabled due to fibromyalgia, myofacial pain, bipolar disorder, cervical strain, and anxiety. AR at 172.

The Commissioner denied Plaintiff's claim initially and on reconsideration. AR at 82-90, 93-95. Plaintiff requested a hearing which took place on September 2, 2009. AR at 27. On September 30, 2009, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 15-26. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-4, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On July 20, 2011, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. No. 1.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 201 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

REPORT AND RECOMMENDATION - 2

(9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV. EVALUATING DISABILITY

As the claimant, Ms. Hams bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age,

education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On September 30, 2009, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since February 26, 2007, the application date.

2. The claimant has the following severe impairments: fibromyalgia, bipolar disorder, anxiety disorder and personality disorder.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity on a sustained basis for a significant period of time (e.g. five days a week, 8 hours per day, day after day, week after week, month after month, with a 1/2 hour lunch break and a 1/4 hour break n the morning and in the afternoon) to perform light work as defined in 20 CFR. § 416.967(b) with an ability to lift and carry 20 pounds occasionally and 10 pounds frequently with a sit/stand option at will and an ability to walk 4 hours in an 8-hour workday. Her ability to push/pull and fine/gross dexterity is unlimited. The claimant is able to occasionally climb stair but no ladders, ropes, scaffolds, or running. She is able to occasionally bend, stoop, crouch, crawl, balance, twist, and squat, but should not have any exposure to heights or dangerous machinery. Mentally, the claimant is able to get along with others, understand simple instructions, concentrate and perform simple tasks, respond and adapt

REPORT AND RECOMMENDATION - 5

to workplace changes and supervision but in a limited public/employee contact setting.

5. The claimant is capable of performing past relevant work as a mail clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

6. The claimant has not been under a disability, as defined in the Social Security Act, since February 26, 2007, the date the application was filed.

AR at 17-26.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether remand is necessary because the ALJ did not make any findings regarding how long Plaintiff can sit or stand in a regular workday or at one time.

2. Whether the ALJ's step four finding is supported by substantial evidence and free of legal error when the ALJ found Plaintiff was limited to simple tasks, but found she could work as a mail clerk, a job which requires a higher reasoning level.

3. Whether the ALJ gave specific and legitimate reasons for rejecting the opinions of Don Schimmel, Ph.D.

Dkt. No. 14 at 1-2.

## VII. DISCUSSION

A. The ALJ Erred Failing to Determine Plaintiff's Capacity for Sitting and Standing.

In the ALJ's RFC assessment, the ALJ noted that the state agency reviewing physician, Robert Hoskins, M.D., found that Plaintiff could "stand and/or walk about 6 hours out of an 8-hour workday, and sit about 6 hours out of an 8-hour workday." AR at 23. The ALJ did not explicitly adopt Dr. Hoskins's findings as his own, but did find that Plaintiff could perform light work "with a sit/stand option at will." AR at 19. Because the ALJ did not explicitly find how much time Plaintiff could sit or stand during a regular work day, Plaintiff argues that remand is required under Social Security Ruling ("SSR") 96-8p.

REPORT AND RECOMMENDATION - 6

1    The Commissioner concedes that the ALJ did not explicitly find, in the section of his
2    decision explaining his RFC assessment, that the Plaintiff could sit or stand for six out of eight
3    hours during a work day. *See* Def.'s Br. (Dkt. 16-1) at 5. Nonetheless, the Commissioner
4    contends that because the ALJ ascribed "great weight" to Dr. Hoskins's assessment, and Dr.
5    Hoskins found that the Plaintiff could stand or walk for six out of eight hours a day and sit for
6    six out of eight hours a day, the Court should conclude that the ALJ adequately addressed
7    Plaintiff's ability to sit and stand.

8    Even if Dr. Hoskins's findings were imputed to the ALJ, those findings are not
9    sufficiently specific to comply with Social Security Ruling ("SSR") 96-8p, which instructs:

> The RFC assessment must address both the remaining exertional and
> nonexertional capacities of the individual.
>
> Exertional capacity addresses an individual's limitations and restrictions of
> physical strength and defines the individual's remaining abilities to perform
> each of seven strength demands: Sitting, standing, walking, lifting, carrying,
> pushing, and pulling. Each function must be considered separately (e.g., "the
> individual can walk for 6 out of 8 hours and stand for 6 out of 8 hours"), even if
> the final RFC assessment will combine activities (e.g., "walk/stand, lift/carry,
> push/pull"). . . .
>
> It is especially important that adjudicators consider the capacities separately
> when deciding whether an individual can do past relevant work. . . .

17   The Commissioner does not address SSR 96-8p at all in his brief, nor explain why the ALJ did
18   not need to explicitly address the Plaintiff's separate capacities to sit and stand when assessing
19   the Plaintiff's RFC. The ALJ's failure to follow the instructions of SSR 96-8p when crafting
20   the RFC was error.[2] *See Arik v. Astrue*, 2010 WL 2557493 *3 (N.D. Cal. Jun. 21, 2010

---

[2] The Plaintiff also argues that the ALJ's finding that she could stand or sit at will was not sufficient because the ALJ failed to specify how long Plaintiff could remain sitting or standing. *See* Pltf.'s Reply (Dkt. 17) at 2. The Commissioner did not address this argument, other than to suggest (without any evidence) that a mail clerk should be able to structure his or her day to sit or stand for less than six hours a day. *See id.* On remand, the Court instructs the

REPORT AND RECOMMENDATION - 7

(affirming reversal and remand for ALJ's failure to follow SSR 96-8p). On remand, the ALJ shall enter explicit findings regarding the Plaintiff's separate abilities to sit and stand.

B.   The ALJ Erred in Finding that Plaintiff Could Work as a Mail Clerk or in the Alternative Jobs Suggested by the Vocational Expert.

A vocational expert testified at Plaintiff's hearing before the ALJ, stating that Plaintiff could perform her past relevant work as a mail clerk. *See* AR at 63-65. The vocational expert described the mail clerk position as "light duty," "unskilled," "limited public" exposure, and "fairly simple." AR at 63-64. The ALJ found that the Plaintiff was limited to simple tasks with simple instructions, and included those limitations in his hypothetical question to the vocational expert. *See* AR at 19, 64.

The Plaintiff contends that the ALJ's finding of Plaintiff's limitations to simple tasks with simple instructions is inconsistent with the ALJ's finding that Plaintiff could work as a mail clerk, given that (according to the Dictionary of Occupational Titles) a mail clerk position requires a GED reasoning level of three. The Commissioner argues that Plaintiff's position is mistaken "because GED measures the general educational development required for a particular job, and not the specific tasks that are performed in working at a job." Def.'s Br. at 6. According to the Commissioner, "there is nothing inherent in a GED level of three that would make it incompatible with her [RFC]." *Id.* at 7 (citing *Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007) (finding that a limitation to "unskilled" work is not inconsistent with ability to work at a job requiring a GED level of three)).

The Commissioner relies exclusively on *Renfrow*, an Eighth Circuit opinion, but ignores the "[n]umerous district courts in this Circuit [that] have held that a limitation to simple, repetitive tasks is inconsistent with Reasoning Level 3 jobs." *Grimes v. Astrue*, 2011

---

ALJ to comply with SSR 96-8p to determine explicitly how many hours Plaintiff can sit and stand during an eight-hour workday.

REPORT AND RECOMMENDATION - 8

WL 164537 *4 (C.D. Cal. Jan. 18, 2011) (citing *Bagshaw v. Astrue*, 2010 WL 25644 *5 (C.D. Cal. 2010); *McGensy v. Astrue*, 2010 WL 1875810 *3 (C.D. Cal. 2010); *Rich Pham v. Astrue*, 695 F. Supp. 2d 1027, 1032 n.7 (C.D. Cal. 2010); *Etter v. Astrue*, 2010 WL 4314415 *3 (C.D. Cal. 2010); *Pak v. Astrue*, 2009 WL 2151361 *7 (C.D. Cal. 2009); *Tudino v. Barnhart*, 2008 WL 4161443 *11 (S.D. Cal. 2008); *Squier v. Astrue*, 2008 WL 2537129 *5 (C.D. Cal. 2008)).

As in *Grimes*, the ALJ here asked the vocational expert whether his testimony was consistent with the Dictionary of Occupational Titles, but the vocational expert did not address the reasoning level required for the mail clerk position. *See* AR at 64-65. Without an explanation of how Plaintiff could be both limited to performing simple tasks with simple instructions, but could also perform a job requiring a GED level of three, the ALJ's finding that Plaintiff could perform her past relevant work is not supported by substantial evidence.

The Commissioner argues that even if the ALJ erred in finding that Plaintiff could perform her past relevant work, this error is harmless because the ALJ proceeded to step five and found that the Plaintiff could adjust to other work as an assembler, basket filler, and agricultural sorter. *See* AR at 25. It is true that the vocational expert testified that these representative jobs would be consistent with the hypothetical question posed by the ALJ (see AR at 65), but the ALJ's hypothetical did not specify how many hours per day the hypothetical claimant was able to sit or stand. *See supra*, Part VII.A. The Plaintiff's attorney asked the vocational expert about the hypothetical claimant's need to stand and sit, and the vocational expert testified that in order to perform a data entry clerk position, a person would have to be able to sit for at least six hours a day. *See* AR at 66-67. It is unclear from the record, however, how a person's ability to sit and stand would affect his or her ability to perform the alternative positions identified by the vocational expert. Thus, the ALJ's analysis at step five does not provide an alternative basis to affirm. On remand, the ALJ shall enter specific findings about

REPORT AND RECOMMENDATION - 9

the Plaintiff's ability to sit and stand, and shall include those limitations in any hypothetical question posed to a vocational expert.

C.  The ALJ Did Not Err in Discounting the Opinions of Don Schimmel, Ph.D.

An ALJ must provide specific and legitimate reasons, supported by substantial evidence, for rejecting a controverted opinion of an examining provider. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The parties dispute whether the ALJ's reasons for discounting the opinions of Don Schimmel, Ph.D., satisfy this burden.

The ALJ's decision explains why the ALJ discounts the opinions of Dr. Schimmel, who evaluated Plaintiff multiple times, and other providers:

> . . . [A]t various times, it was expressed that the claimant was unable to function independently, unable to live independently, unable to hold a job and had restricted mobility, agility or flexibility in her ability to balance, bend, climb, crouch, handle, kneel, pull, push, reach and stoop. However, the progress notes as well as the objective and clinical findings annotated during office visits fails to corroborate the assessments. For example, on March 13, 2007, it was expressed that these limitations were expected to last for at least 12 months *without medical treatment*. There was no mention of the claimant's ability to function with treatment. In addition, upon examination in March 2007, the claimant was found to have normal gait and station. Cardiovascular and respiratory examinations were normal. Also, on April 2, 2007, the claimant was described as cooperative and was oriented times three. She was able to remember what she had for dinner the night before, as well as remember 2 of 3 objects immediately and 2 out of the same objects after 5-minute and 10-minute delays. She was aware of current events and able to recall the current president of the United States. Further, the claimant was able to spell "WORLD" forward and backwards. In addition, in August 2009, the claimant's attention, concentration and memory were all within normal limits. There was no evidence of any significant deficits in her ability to interact with the evaluating physician. Based on the objective medical evidence considered as a whole, little weight is afforded to these unsupported assessments.

AR at 23-24 (citations omitted, emphasis in original). According to the Plaintiff, the reasons provided here by the ALJ for discounting *inter alia* Dr. Schimmel's opinions are insufficient because the evidence cited does not actually contradict Dr. Schimmel's opinions. Whether Plaintiff was, for example, cooperative and oriented times three and could remember the name

REPORT AND RECOMMENDATION - 10

of the United States president is not particularly relevant to whether Plaintiff could live and function independently, especially given that the exhibit relied upon by the ALJ also includes reports that Plaintiff was feeling depressed and anxious, had problems concentrating and remembering, experienced difficulty completing her train of thought, and experiencing pervasive pain. *See, e.g.*, AR at 575, 582, 608.

The Commissioner cites to other sections of the ALJ's ruling to argue that in light of the record as a whole, the ALJ "fairly concluded from the record that Plaintiff was not as mentally impaired as Dr. Schimmel believed." Def.'s Br. at 9:3-4. In particular, the Commissioner directs the Court to consider the ALJ's findings with regard to the Paragraph B criteria, specifically Plaintiff's activities of daily living and her social functioning. *See* AR at 18. The Commissioner does not analyze whether the articulated reasons provided by the ALJ for discounting Dr. Schimmel's opinions are specific and legitimate, but only urges the Court to consider other sections of the ALJ's decision in reviewing the ALJ's grounds for discrediting Dr. Schimmel's opinions.

Such an expansive review, however, is not appropriate on appeal, because the Court is constrained to review an ALJ's ruling only on the basis of the reasons the ALJ provides for that ruling. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). Thus, it would be error for this Court to affirm the ALJ's ruling regarding Dr. Schimmel's opinions on the alternative grounds proposed by the Commissioner. Because the Commissioner does not contest Plaintiff's argument that the reasons stated in the decision for discounting Dr. Schimmel's opinions are insufficient, and the Court agrees that the reasons provided do not specifically explain why Dr. Schimmel's opinions should be afforded less weight, the Court finds that the ALJ failed to sufficiently justify his analysis of Dr.

Schimmel's opinions. On remand, the ALJ shall reconsider the weight to be afforded Dr. Schimmel's opinions.

## VIII. CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions. A proposed order accompanies this Report and Recommendation.

DATED this 29th day of March, 2012.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge